UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*County of Cascade, County of Gallatin v. Purdue Pharma L.P., et al.*<br>**No. 4:17-cv-00130, from the U.S. District Court for the District of Montana**<br><br>**ND Ohio MDL Member No. 1:18-op-45033** | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

Plaintiffs submit this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Dkt #513, 514[1]), and as may be amended in the future, and any additional claims asserted herein. Plaintiffs also hereby amend its complaint to alter the defendants against which claims are asserted as identified below. To the extent defendants were previously sued in Plaintiffs' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e).  Doc. #232.

---

[1] Docket #513 is the redacted Summit Second Amended Complaint and Docket #514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP. The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #24.

## **INCORPORATION BY REFERENCE OF EXISTING COMPLAINT**

1. Plaintiffs' Existing Complaint (No. 1:18-op-45033, Doc. #: 19) is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## **PARTIES – DEFENDANTS**

2. Having reviewed the relevant ARCOS data, Plaintiffs assert claims against the following Defendants:

Purdue Pharma L.P., Purdue Pharma Inc., The Purdue Frederick Company, Cephalon, Inc., Johnson & Johnson, Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica Inc. n/k/a Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., Endo Health Solutions Inc., Endo Pharmaceuticals, Inc., Allergan PLC f/k/a Actavis PLC, Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation Cardinal Health, Inc., Cardinal Health 110, LLC, CVS Health Corporation, CVS Indiana, L.L.C., CVS Pharmacy, Inc., McKesson Corporation, **Amneal Pharmaceuticals LLC, Hikma Pharmaceuticals USA Inc.** f/k/a **West-Ward Pharmaceuticals Corp., Indivior Inc., KVK-Tech, Inc., Montana CVS Pharmacy, L.L.C., Mylan Pharmaceuticals Inc., Par Pharmaceutical Companies, Inc.** f/k/a **Par Pharmaceutical Holdings, Inc., Par Pharmaceutical, Inc., sued individually and as successor-by-merger to Qualitest Pharmaceuticals, Inc., SpecGx LLC, SUPERVALU Inc., sued individually and as successor-by-merger to Advantage Logistics – Midwest, Inc., Walgreen Co., Walmart Inc.** f/k/a **Wal-Mart Stores, Inc., Wal-Mart Stores East, LP,** and Does 1 – 100.

I, <u>Jeffrey Simon</u>, **Counsel for Plaintiffs, certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiffs.**

**I further certify that, except as set forth below, each of the Defendants newly added herein appears in the ARCOS data I reviewed.**

**I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.**

**The following newly added Defendants** *do not appear* **in the ARCOS data I reviewed:**

<u>N/A</u>

**Dated:** <u>March 15, 2019</u>    **Signed:** <u>*/s/ Jeffrey B. Simon*</u>

### Factual Allegations Regarding Individual Defendants

2.1    **AMNEAL PHARMACEUTICALS LLC** is a Delaware limited liability corporation with its principal place of business in Bridgewater, New Jersey. Defendant Amneal Pharmaceuticals LLC has been amended into Plaintiffs' Short Form Complaint based upon Plaintiffs' review of the ARCOS data pursuant to the procedure approved by the Court. Upon information and belief, Amneal Pharmaceuticals LLC manufactures, promotes, sells, and distributes opioids in the U.S., including Montana and Cascade County and Gallatin County.

2.2    **HIKMA PHARMACEUTICALS USA INC.** f/k/a **WEST-WARD PHARMACEUTICALS CORP.** is a Delaware corporation with its principal place of business in Eatontown, New Jersey (hereinafter "Hikma"). Defendant Hikma has been amended into Plaintiffs' Short Form Complaint based upon Plaintiffs' review of the ARCOS data pursuant to the procedure approved by the Court. Upon information and belief, Hikma manufactures, promotes, sells, and distributes opioids in the U.S., including Montana and Cascade County and Gallatin County.

2.3     **INDIVIOR INC.** is a Delaware corporation with its principal place of business in Richmond, Virginia. Defendant Indivior Inc. has been amended into Plaintiffs' Short Form Complaint based upon Plaintiffs' review of the ARCOS data pursuant to the procedure approved by the Court. Upon information and belief, Indivior Inc. manufactures, promotes, sells, and distributes opioids in the U.S., including Montana and Cascade County and Gallatin County.

2.4     **KVK-TECH, INC.** is a Pennsylvania corporation with its principal place of business in Newtown, Pennsylvania. Defendant KVK-Tech, Inc. has been amended into Plaintiffs' Short Form Complaint based upon Plaintiffs' review of the ARCOS data pursuant to the procedure approved by the Court. Upon information and belief, KVK-Tech, Inc. manufactures, promotes, sells, and distributes generic opioids in the U.S., including Montana and Cascade County and Gallatin County.

2.5     **MONTANA CVS PHARMACY, L.L.C.** is a Montana limited liability corporation with its principal place of business in Helena, Montana, and is a wholly owned subsidiary of Defendant CVS HEALTH CORPORATION. Defendant Montana CVS Pharmacy, L.L.C. has been amended into Plaintiffs' Short Form Complaint based upon Plaintiffs' review of the ARCOS data pursuant to the procedure approved by the Court. Upon information and belief, Montana CVS Pharmacy, L.L.C. is a pharmaceutical distributor licensed to do business in Montana, and distributes pharmaceuticals to retail pharmacies and institutional providers to customers in Montana, including Cascade County and Gallatin County.

2.6     **MYLAN PHARMACEUTICALS INC.** is a West Virginia corporation with its principal place of business in Harrisburg, Pennsylvania, and is a wholly owned subsidiary of Mylan N.V. Defendant Mylan Pharmaceuticals Inc. has been amended into Plaintiffs' Short Form Complaint based upon Plaintiffs' review of the ARCOS data pursuant to the procedure approved

by the Court. Upon information and belief, Mylan Pharmaceuticals Inc. manufactures, promotes, sells, and distributes opioids in the U.S., including Montana and Cascade County and Gallatin County..

2.7 **PAR PHARMACEUTICAL COMPANIES, INC.** f/k/a **PAR PHARMACEUTICAL HOLDINGS, INC.** is a Delaware corporation with its principal place of business in Chestnut Ridge, New York. **PAR PHARMACEUTICAL, INC.,** sued individually and as successor-by-merger to **QUALITEST PHARMACEUTICALS, INC.**, is a New York corporation with its principal place of business in Chestnut Ridge, New York, and is a wholly owned subsidiary of Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc. (hereinafter "Par"). Defendant Par has been amended into Plaintiffs' Short Form Complaint based upon Plaintiffs' review of the ARCOS data pursuant to the procedure approved by the Court. Par manufactures, sells, and distributes generic opioids in the U.S., including Montana and Cascade County and Gallatin County.

2.8 **SPECGX LLC** is a Delaware limited liability corporation with its principal place of business in Webster Groves, Missouri, and is a wholly owned subsidiary of Mallinckrodt plc. Defendant SpecGx LLC has been amended into Plaintiffs' Short Form Complaint based upon Plaintiffs' review of the ARCOS data pursuant to the procedure approved by the Court. SpecGx LLC operates Mallinckrodt's Specialty Generics business and, upon information and belief, manufactures, markets, sells, and distributes generic pharmaceutical drugs in the U.S., including Montana and Cascade County and Gallatin County.

2.9 **SUPERVALU INC., sued individually and as successor-by-merger to ADVANTAGE LOGISTICS - MIDWEST, INC.,** (hereinafter "SUPERVALU") is a Delaware corporation with its principal place of business in Eden Prairie, Minnesota. Defendant

SUPERVALU has been amended into Plaintiffs' Short Form Complaint based upon Plaintiffs' review of the ARCOS data pursuant to the procedure approved by the Court. Upon information and belief, SUPERVALU is a licensed pharmaceutical distributor and distributes pharmaceuticals, including prescription opioids, to its retail pharmacies and institutional providers to customers in Montana, including Cascade County and Gallatin County.

2.10 **WALGREEN CO.** is an Illinois corporation with its principal place of business in Deerfield, Illinois. Defendant Walgreen Co. has been amended into Plaintiffs' Short Form Complaint based upon Plaintiffs' review of the ARCOS data pursuant to the procedure approved by the Court. Upon information and belief, Walgreen Co. is a pharmaceutical distributor licensed to do business in Montana. Walgreen Co. distributes pharmaceuticals to retail pharmacies and institutional providers to customers in all 50 states, including Montana and Cascade County and Gallatin County.

2.11 **WALMART INC.** f/k/a **WAL-MART STORES, INC**. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. **WAL-MART STORES EAST, LP** is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, and is a wholly owned subsidiary of WALMART INC. (hereinafter "Walmart"). Defendant Walmart has been amended into Plaintiffs' Short Form Complaint based upon Plaintiffs' review of the ARCOS data pursuant to the procedure approved by the Court. Upon information and belief, Walmart is a pharmaceutical distributor licensed to do business in Montana. Walmart distributes pharmaceuticals to retail pharmacies and institutional providers to customers in all 50 states, including Montana and Cascade County and Gallatin County.

**COMMON FACTUAL ALLEGATIONS**

3. By checking the boxes in this section, Plaintiffs hereby incorporate by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. Dkt. #1282.

- ☑ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)
- ☐ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)
- ☐ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

4. If additional claims are alleged below that were not pled in Plaintiffs' Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiffs assert the following additional facts to support the claim identified in Paragraph 6 below: None

**CLAIMS**

5. The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments, Dkt. 1282, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiffs' Existing Complaint (check all that apply):

- ☐ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt–(the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

- ☐ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938).

6. Plaintiffs assert the following **additional claims** as indicated (below or attached): None

7. To the extent Plaintiffs wish to **dismiss claims** previously asserted in Plaintiffs' Existing Complaint, they are identified below and will be dismissed without prejudice.

N/A

WHEREFORE, Plaintiffs pray for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiffs' Existing Complaint as has been amended herein.

Dated: March 15, 2019            */s/ Jeffrey B. Simon*
                                   *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served through the Court's CM/ECF system on March 15, 2019 to all counsel of record and/or pursuant to the Federal Rules of Civil Procedure 4(d)(1).

/s/ *Jeffrey B. Simon*
Jeffrey B. Simon